UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Genmar Holdings, Inc., | Bankr. Nos. 09-43537, 09-33775 |
| | Civil No. 12-2038 (MJD) |
| Debtor. | Civil No. 12-2039 (MJD) |
| | Civil No. 12-2040 (SRN) |
| | Civil No. 12-2041 (PAM) |
| | Civil No. 12-2042 (MJD) |

**ORDER**

This matter is before the Court on Motions for leave to appeal these related cases arising out of the bankruptcy of Debtor Genmar Holdings, Inc. and related entities. The basis for the request to take an interlocutory appeal is an Order of Judge Dennis D. O'Brien of the United States Bankruptcy Court that granted the Bankruptcy Trustee's motion to strike the creditors' demands for a jury trial as to the Trustee's state-law fraudulent transfer claims against the creditors. The creditors also ask for permission to appeal the Bankruptcy Court's denial of their motion to strike the Trustee's disallowance claim as premature.

The decision to allow an interlocutory appeal from an order of the Bankruptcy Court is a discretionary one. In re M&S Grading, Inc., 526 F.3d 363, 368 (8th Cir. 2008); see also 28 U.S.C. § 158(a)(3) (providing for interlocutory appeals to the district court from orders of bankruptcy court). Section 1292(b) outlines the relevant considerations for determining whether an interlocutory appeal is appropriate: when the "order involves a controlling question of law as to which there is substantial ground for difference of

opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

There is little question that the creditors' right to a jury trial is a controlling question of law. Nor can there be any doubt that there are "substantial ground[s] for difference of opinion" as to whether the creditors have a right to a jury trial on these claims. Indeed, the cases the parties cite for their respective arguments provide a clear indication that this question is both important and highly unsettled. Compare <u>Pearson Educ., Inc. v. Almgren</u>, 685 F.3d 691, 694 (8th Cir. 2012) (creditors' adversary action to determine dischargeability of copyright infringement damages is part of Bankruptcy Court's equity jurisdiction to which jury trial rights do not apply) <u>with</u> <u>Picard v. Katz</u>, 825 F. Supp. 2d 484, 487 (S.D.N.Y. 2011) (trustee's fraudulent transfer claims not part of "hierarchical reordering of creditors' claims" and thus not part of Bankruptcy Court's equity jurisdiction). Finally, a determination on the issue will advance the ultimate termination of the litigation because if the creditors are entitled to a jury trial on the fraudulent transfer claims, it is inefficient to have the bankruptcy court decide those claims first. It is a more efficient use of judicial resources to determine this important issue and have the claims resolved accordingly.

These same considerations, however, do not weigh in favor of granting an interlocutory appeal on the second issue the creditors raise, whether the Bankruptcy Court erred in striking the creditors' disallowance claims as premature. That decision does not

involve a controlling question of law, and the creditors have not established that a decision on this issue will materially advance the ultimate termination of the litigation. Thus, the only issue on which an interlocutory appeal will be granted is the issue of the creditors' right to a jury trial on the Trustee's fraudulent transfer claims.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Motion for Leave to Appeal in 12-2038 [Doc. No. 1] is **GRANTED in part**, and **DENIED in part**;

2. The Motion for Leave to Appeal in 12-2039 [Doc. No. 1] is **GRANTED in part**, and **DENIED in part**;

3. The Motion for Leave to Appeal in 12-2040 [Doc. No. 4] is **GRANTED in part**, and **DENIED in part**;

4. The Motion for Leave to Appeal in 12-2041 [Doc. No. 1] is **GRANTED in part**, and **DENIED in part**; and

5. The Motion for Leave to Appeal in 12-2042 [Doc. No. 1] is **GRANTED in part**, and **DENIED in part**.


Dated:   October 1, 2012              s/Susan Richard Nelson
                                      SUSAN RICHARD NELSON
                                      United States District Judge